JjPICKETT, J.

FACTS

On April 25, 1998, the defendant sold two twenty dollar rocks of crack cocaine to a confidential informant working undercover for the narcotics division of the Allen Parish Sheriffs Department. The defendant, Franklin Thomas, Jr., was charged by bill of information filed May 4, 1999, with distribution of a controlled dangerous substance, Schedule II — cocaine in violation of La.R.S. 40:967(A)(1). The defendant pled not guilty.
On September 14, 1999, a jury found the defendant guilty as charged. A Motion for New Trial was denied after a hearing on October 7, 1999. On November 16,1999, the defendant was sentenced to twenty-five years at hard labor, with five years to be served without benefit of probation, parole, or suspension of sentence, and five years suspended. The court further sentenced the defendant to two years supervised probation to begin upon release and to run concurrent with his parole time.
On December 16, 1999, the defendant filed a Motion For Reconsideration of Sentence. On December 17, 1999, an Amend.ed Motion for Reconsideration was filed. Both motions were denied by the trial court.
A Motion For Appeal was granted on December 29, 1999. The defendant sets forth eight assignments of error in his appeal. Assignments of Error Numbers One through Five and Eight all address issues of what the defendant claims are errors in the trial court’s sentence. Because we find merit in Assignment of Error Number Two, it is unnecessary to address the remaining assignments of error.

ASSIGNMENT OF ERROR NUMBER ONE

The defendant complains the trial court erred by failing to grant a 45-day extension in order for him to properly file a Motion for Reconsideration. A review | ?pf *472 the record reveals the defendant’s Motion For Reconsideration and Amended Motion For Reconsideration were timely filed. If, in fact, the trial court erred by failing to extend the defendant’s time to file the motion, he has suffered no prejudice from this error. We find, therefore, this assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER TWO

The defendant argues the sentence imposed is constitutionally excessive because the trial court impermissibly punished him for exercising his constitutional right to stand trial.
The penalty for distribution of cocaine is ' found in La.R.S. 40:967(4)(b) as:
... imprisonment at hard labor for not less than five years nor more than thirty years, with the first five years of said sentence being without benefit of parole, probation, or suspension of sentence; and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars.
The defendant was sentenced to twenty five years at hard labor, five years suspended, with the first five years to be served without benefit of parole, probation, or suspension of sentence, and two years supervised probation following his release. Further, if the defendant is paroled, the probation is to run concurrent to his parole.
In his reasons for sentencing, the trial judge noted that when the jury rendered its verdict it also recommended leniency. He explained, however, that the jury cannot make a recommendation on sentencing. The trial judge noted that he reviewed the sentencing provisions of La.Code Crim.P.’ art. 894.1. The judge stated that distribution of crack cocaine is very serious and the defendant’s sentence must reflect that fact. The judge stated that to give the defendant a lesser sentence would deprecate the seriousness of the crime.
The trial court stated:
UMr. Thomas, you’re one of the — you’re one of the cases that I guess brings home to me how tough this job is. My problem is that I have to look at you, a very articulate, nice looking man who had a lot of potential, but for whatever reason chose to waste the potential and involve himself in the selling of drugs. You know, one of the defendants one time told me, “Judge, please don’t throw me away.” And that’s always stuck in my mind. I don’t want you to think that I’m throwing you away by any stretch of the imagination. What I’m doing is I’m giving a sentence which I think is equal to the offenses alleged — proven.
The trial judge stated he considered the defendant’s Presentence Investigation Report. The report stated that as a first felony offender the Defendant was eligible to receive a suspended sentence. However, the judge stated at sentencing that he could not give the defendant a suspended sentence, even if he wanted to, because the statute requires at least five years of the sentence to be served without parole, probation, or suspension of sentence. The defendant’s Presentence Investigation Report reveals that he is a twenty-four-year-old first felony offender. The defendant is a high school dropout who admitted to using marijuana since age twenty. He has had sporadic employment as a laborer with his longest job lasting eight months. His criminal history consists of the following misdemeanor and traffic convictions: no driver’s license on March 8, 1993; discharging a firearm in the city, illegal carrying of weapons, and aggravated assault on March 29, 1993; simple battery on October 11, 1993; disturbing the peace on September 12, 1994; no driver’s license on May 8, 1995; simple battery on March 28, 1996; expired inspection sticker on April 15, 1996; expired license plate on March 3, 1997; speeding on July 21, 1997; and disturbing the peace on January 26, 1998.
At sentencing the defendant stated that he had been involved in drugs to support his family when this crime occurred. The *473 defendant stated since his arrest he has been working and has changed his life. He complained that this is only his first |4offense and other defendants have received only five years on their second drug charge after receiving probation.
The trial judge further stated:
One of the things that this Court is quite keen on and that is acceptance of responsibility. And I don’t know what happened before me and I’ve spoken with the District Attorney’s office about what I find to be the seriousness of distribution of all sorts of drugs, but most particularly cocaine. A lot of times, people — And this is because perhaps sentences handed down before I was even here. They might have been lulled into a false sense of securing [sic] into thinking. “Well, the first conviction of distribution of drugs is always going to be a probated sentence.” Well, you’re the first person since I’ve become judge that has not accepted responsibility for his actions and had gone to trial and has been convicted by a jury. Therefore, number one, you didn’t accept responsibility for yowr actions until after a jury convicted you of such. So I understand that maybe you don’t agree with the sentence and for that, we’ll just have to disagree on that. It’s my function to sentence a person and I take all those things into consideration. (Emphasis added.)
The defendant contends that his sentence is excessive because it was given as punishment for exercising his constitutional right to stand trial. The language quoted above reflects that when the trial judge sentenced the defendant he did in fact consider that the defendant did not take responsibility for his actions by pleading guilty, but instead chose to exercise his right to trial.
While Art. 894.1 does specify that a proper consideration in determining the severity of a sentence is whether a defendant has accepted responsibility for his criminal behavior, it is improper to equate exercising one’s constitutional right to stand trial for an offense charged with the refusal to accept responsibility for criminal behavior.
The entering of a plea of guilty may or may not indicate a person has accepted responsibility for their actions. It may reflect acceptance of responsibility; however, |sit may reflect acceptable negotiations between the State and a defendant. An individual charged with a felony offense is guaranteed the right to a trial by jury under our Constitution. It is improper to punish a defendant for exercising that very basic constitutional right.
There may be other facts not in the record before us that the trial court considered in determining this defendant refuses to accept responsibility for his actions. Based on the comments in the record before us, however, it appears the trial court imposed a heavier sentence than it otherwise would have imposed because the defendant chose to exercise his right to trial.
Because of this improper consideration, the defendant’s sentence must be vacated.

ASSIGNMENT OF ERROR NUMBER SIX

The defendant requests we review the record for errors patent. In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.

ASSIGNMENT OF ERROR NUMBER SEVEN

In this assignment of error, the defendant “requests this Honorable Court to review the record herein for a Sufficiency of the Evidence.” However, the defendant does not address this assignment of error in his brief. Since the defendant’s assignment of error was not briefed, it is considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).
*474 CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.
THIBODEAUX, J., concurs and assigns reasons.